IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY MACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-69-WKW |
| ) | [WO] |
| TRACY JACKSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Plaintiff Larry Mack, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983.  (Doc. # 1.)  Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. # 2), but the motion was not accompanied by an account statement as required by 28 U.S.C. § 1915(a)(2).[1]  Thus, on February 19, 2025, the court issued an Order directing Plaintiff to file the requisite statement on or before March 5, 2025.  (Doc. # 3.)  The court specifically cautioned Plaintiff that his failure to comply with the court's Order would result in dismissal of this case without further notice.  (*Id.* at 2.)  Nevertheless, more than two weeks have passed since the March 5 deadline, and Plaintiff has not filed an account statement or otherwise responded to the court's Order.

---

[1] Section 1915(a)(2) provides that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

Because Plaintiff has failed to comply with the court's Order, this case will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to comply despite the court's clear admonition, sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 24th day of March, 2025.

                                              /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE