IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY MACK, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO. 2:25-CV-69-WKW |
| TRACY JACKSON, *et al.*, | )  [WO] ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Larry Mack, proceeding *pro se*, filed this 42 U.S.C. § 1983 action, alleging constitutional violations while incarcerated at the Elmore County Jail in Alabama. This action is pending on the amended complaint for screening under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2). Based upon this screening, Plaintiff's claims against Quality Correctional Health Care, Warden Tracy Jackson, Nurse Terry, and Nurse Meghan will be dismissed without prejudice. This action will proceed on the amended complaint's § 1983 claims against Nurse Zack, and service on this Defendant will be ordered.

## **I. STANDARD OF REVIEW**

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP). (Doc. # 12.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Because Plaintiff is seeking redress from state governmental officials,

the amended complaint also is subject to screening under § 1915A.  Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted.  *See* § 1915(e)(2)(B)(ii); 1915A(b)(1).  This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would have been the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, *pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.  THE AMENDED COMPLAINT'S ALLEGATIONS

The amended complaint's allegations, construed favorably to Plaintiff, set forth the following.  Plaintiff alleges that on June 24, 2024, and September 26, 2024, while incarcerated at the Elmore County Jail, Defendant Nurse Zack refused to provide medical assistance for a leg injury.  He contends that this refusal led to his continued suffering and pain until surgery was performed.[2] (Doc. # 7 at 2.)  As relief,

---

[2] Upon filing his amended complaint, Plaintiff had been transferred from Elmore County Jail and was at Bibb Correctional Facility.

3

he requests "improvement in the care of inmates who are in the ADOC" and compensation for his pain and suffering. (Doc. # 7 at 4.)

Plaintiff also names as Defendants Quality Correctional Health Care, Warden Tracy Jackson, Nurse Terry, and Nurse Meghan. (Doc. # 7 at 1, 2.) However, the amended complaint does not attribute any specific act or omission to these Defendants.

### III.  DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.[3] The Eighth Amendment to the United States Constitution prohibits "deliberate indifference to the serious medical needs of prisoners."[4] *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (cleaned up). "To establish liability on a deliberate indifference claim, a plaintiff must demonstrate that: (1) the injured party suffered a deprivation that was objectively 'sufficiently

---

[3] Subject matter jurisdiction is proper under 28 U.S.C. § 1331.

[4] The Fourteenth Amendment forbids deliberate indifference to the serious medical needs of pretrial detainees. *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). The legal standards for a deliberate-indifference claim under the Fourteenth Amendment are identical to those under the Eighth Amendment, allowing for their interchangeable application. *Id.*

4

serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'" *Wingo v. WellStar Health Sys., Inc.*, ___ F.4th ___, 2025 WL 3442596, at *4 (11th Cir. Dec. 1, 2025) (quoting *Wade*, 106 F.4th at 1262). "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Id.* (quoting *Wade*, 106 F.4th at 1262). Furthermore, Eleventh Circuit "caselaw recognizes that a nonmedical officer cannot be held liable for deliberate indifference if he reasonably relies on the opinion of a medical officer in his treatment of a detainee or inmate." *Id.*

The amended complaint[5] fails to state a 42 U.S.C. § 1983 claim for deliberate indifference to Plaintiff's serious medical needs against Quality Correctional Health Care (QCHC), Warden Tracy Jackson, Nurse Terry, and Nurse Meghan due to the absence of any factual allegations demonstrating how each Defendant was deliberately indifferent to Plaintiff's serious medical needs.[6]  (*See* Doc. # 1 at 1, 2.)

---

[5] Plaintiff did not seek leave of court to amend the complaint; however, because "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the amendment is permitted. "An amended complaint supersedes and replaces the original complaint." *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021).

[6] For the purposes of this discussion, it is assumed that the medical Defendants were contractually responsible for providing care to inmates at the Elmore County Jail and, thus, are regarded as state officials under 42 U.S.C. § 1983. *See, e.g.*, *Carswell v. Bay County*, 854 F.2d 454, 456–57 (11th Cir. 1988) (rejecting the argument of a private physician who claimed that his contractual role with the county jail exempted him from acting under color of state law for § 1983 purposes).

The amended complaint fails to identify each Defendant's specific role and does not allege the particular acts or omissions by each Defendant that allegedly resulted in the inadequate medical care. Such factual allegations are necessary to ensure that Defendants receive fair notice of the claims against them and the grounds upon which those claims rest.[7] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"); *Douglas v. Yates*, 535 F.3d 1316, 1321–22 (11th Cir. 2008) (affirming the dismissal of claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim where the complaint alleged a constitutional violation but lacked facts connecting three defendants to the violation). Absent these critical allegations, the amended complaint does not meet the necessary pleading standards to state a § 1983 claim for a constitutional violation alleging deliberate indifference to Plaintiff's serious medical needs against QCHC,

---

[7] It seems that Plaintiff sues QCHC as a contract healthcare provider for the Elmore County Jail. "[W]hen a private entity contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under [§] 1983." *Craig v. Floyd County*, 643 F.3d 1306, 1310 (11th Cir. 2011). To state a § 1983 claim against a municipality, and thus against QCHC, Plaintiff must allege that QCHC "had a policy or custom of deliberate indifference that led to the violation of his constitutional right." *Id.* The amended complaint fails to show a custom or policy of deliberate indifference by QCHC that would support a § 1983 claim. It does not identify any custom or policy of QCHC that led to the delayed medical treatment about which Plaintiff complains, nor does it explain how such a custom or policy amounted to deliberate indifference to Plaintiff's constitutional rights. Without these allegations, the claim against QCHC lacks the necessary foundation to proceed under § 1983 for a constitutional violation alleging deliberate indifference to Plaintiff's serious medical needs.

Warden Tracy Jackson, Nurse Terry, and Nurse Meghan. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1).

The claims against QCHC, Warden Tracy Jackson, Nurse Terry, and Nurse Meghan will be dismissed without prejudice. However, the amended complaint will proceed against Nurse Zack. If the allegations develop against the dismissed Defendants, Plaintiff may move to amend the complaint to include those additional facts and parties. In other words, the dismissal without prejudice does not preclude a future motion to amend, if appropriate.

## IV. CONCLUSION

Based on the pleading deficiencies identified in this Memorandum Opinion and Order, it is ORDERED as follows:

(1)   The 42 U.S.C. § 1983 Eighth Amendment claims alleging deliberate indifference to Plaintiff's serious medical needs against Quality Correctional Health Care, Warden Tracy Jackson, Nurse Terry, and Nurse Meghan are DISMISSED without prejudice pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

(2)   The Clerk of Court is DIRECTED to terminate these Defendants as parties to this action; and

(3)   This action proceeds as to the § 1983 Eighth Amendment claims alleging deliberate indifference to Plaintiff's serious medical needs against Defendant Nurse Zack.

It is further ORDERED as follows:

(1) The Clerk of Court is DIRECTED to send by certified mail a copy of the amended complaint and this Order to Defendant Nurse Zack, at Elmore County Jail, 8955 U.S. Hwy 231, Wetumpka, AL 36092; and

(2) Defendant Nurse Zack shall answer the amended complaint or otherwise respond by motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, within twenty-one days of receipt of the amended complaint.

DONE this 11th day of December, 2025.

                                                /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE