IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY MACK, AIS # 150585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-69-WKW |
| | ) | [WO] |
| NURSE ZACK, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff Larry Mack, an inmate proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983, alleging constitutional violations during his incarceration at the Elmore County Jail.  (Doc. # 7.)  On December 11, 2025, Plaintiff's claims against Quality Correctional Health Care, Warden Tracy Jackson, Nurse Terry, and Nurse Meghan were dismissed without prejudice.  (Doc. # 14.)  However, Plaintiff's Eighth Amendment deliberate-indifference claim against Nurse Zack survived screening under 28 U.S.C. §§ 1915 and 1915A, and service of the amended complaint on this Defendant was directed.  (Doc. # 14; *see also* Doc. # 15 (summons issued and certified mail receipt).)  On December 29, 2025, the summons and certified mail return receipt sent to Nurse Zack were returned unexecuted.  (Doc. # 17.)

On March 10, 2026, an Order was issued, instructing Elmore County Sheriff Bill Franklin or his authorized designee to provide the court with the last known home or employment addresses that the Elmore County Jail has on record for Nurse Zack. (Doc. # 23 ("March 10 Order").) In response to the March 10 Order, counsel for the Elmore County Sheriff's Office provided Nurse Zack's last known residential address. (Doc. # 26.) An Order was issued on March 23, 2026, directing service of the summons and amended complaint on Nurse Zack at the address provided by counsel for the Elmore County Sheriff's Office. (Doc. # 27; *see also* Doc. # 28 (summons issued and certified mail receipt).)

To date, the certified mail return receipt has not been returned. Accordingly, the court will attempt service on Nurse Zack one final time before dismissal of this Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period.

Fed. R. Civ. P. 4(m). "[O]nce an appropriate time has lapsed and the defendant still cannot be served process despite 'reasonable effort[s]' to do so, the district court may dismiss the claim under Rule 4(m)." *West v. Schultz*, 2025 WL 3123674, at *4 (11th Cir. Nov. 7, 2025) (per curiam) (second alteration in original). Pursuant to the "prison mailbox rule," Plaintiff's amended complaint naming, among other Defendants, Nurse Zack, was filed on July 13, 2025. (Doc. # 1 at 4 (complaint dated "7-13-2025").) More than nine months have passed since Plaintiff's amended complaint was filed, and despite the court's efforts, Nurse Zack still has not been properly served. If this final attempt at service proves unsuccessful, Plaintiff is advised that his claims

2

Based on the foregoing, it is ORDERED as follows:

(1)    The Clerk of Court is DIRECTED to re-serve the summons, amended complaint (Doc. # 7), and this Order by certified mail to the Defendant identified by Plaintiff as "Nurse Zack" at the address provided by counsel for the Elmore County Sheriff's Office (Doc. # 26);

(2)    The Clerk of Court is further DIRECTED to redact the address on any certified mail return receipt; and

(3)    Defendant must answer or otherwise respond by motion in accordance with Rule 12 of the Federal Rules of Civil Procedure within **twenty-one days** of being served.

DONE this 22nd day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

against Nurse Zack will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.