IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY MACK, AIS # 150585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-69-WKW |
| | ) | [WO] |
| NURSE ZACK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are two motions filed by Plaintiff Larry Mack.  Each motion will be addressed in turn.

**A.      Motion for Subpoena Duces Tecum**

Plaintiff has filed a motion for "subpoena tectrum" (Doc. # 32), which is construed as a motion for subpoena duces tecum.  Plaintiff's construed motion is akin to a discovery motion and is premature.  A scheduling order has not yet been entered.  This order sets deadlines and governs discovery in accordance with the Federal Rules of Civil Procedure, and discovery will not begin until its entry.  Once a scheduling order has been issued, Plaintiff may request the "vital information evidence" he seeks in a discovery request, rather than through a subpoena issued by the Clerk of Court.  Accordingly, this motion will be denied.

**B.**    <u>**Motion for Default Judgment**</u>

Plaintiff also filed a motion for default judgment.  (Doc. # 33.)  Because the motion was unsigned, on May 6, 2026, Plaintiff was sent a deficiency notice with instructions to sign and re-file the motion for default judgment.  (Doc. # 34.)  On May 18, 2026, Plaintiff's properly signed motion for default judgment was received and docketed.  (Doc. # 36.)  In his motion, Plaintiff contends that default judgment is proper because Sheriff Franklin, the Elmore County Sheriff's Office, and the sole remaining Defendant, Nurse Zack, have failed to provide a current address for Nurse Zack.

First, counsel for the Elmore County Sheriff's Office provided the last known residential address on file for Nurse Zack, who apparently no longer works at the Elmore County Jail.  (*See* Doc. # 26.)  The summons and amended complaint were sent to the address provided.  (Doc. # 28.)  For nearly a month, nothing was returned.  On April 22, 2026, the court attempted service of Nurse Zack again.  (Doc. # 30.)  This time, Plaintiff was warned that, if the additional service attempt failed, his claims against Nurse Zack would have to be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (Doc. # 30 at 2 n.1.)  On May 13, 2026, three weeks after the Order to re-serve Nurse Zack was issued, the summons and amended complaint sent on March 23, 2026, were returned with the notation, "Return to Sender, No Mail Receptacle, Unable to Forward."  (Doc. # 35.)  The summons and

amended complaint sent by certified mail on April 22, 2026, still have not been returned.

Second, a default judgment cannot be entered against a non-party or against a defendant who has not been properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982). There is no proof that service has been properly effectuated on Nurse Zack. And to that end, there is nothing to suggest that Nurse Zack has any knowledge about this lawsuit pending against him. Default judgment thus is not appropriate, and this motion will be denied.

C.    **Conclusion**

Based on the foregoing, it is ORDERED that

(1)    Plaintiff's construed motion for subpoena duces tecum (Doc. # 32) is DENIED;

(2)    Plaintiff's motion for default judgment (Doc. # 36) is DENIED; and

(3)    The Clerk of Court is DIRECTED to terminate Plaintiff's unsigned motion for default judgment (Doc. # 33).

DONE this 19th day of May, 2026.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE