IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY MACK, AIS # 150585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-69-WKW |
| | ) | [WO] |
| ZACK TURNBULL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Larry Mack, an inmate proceeding *pro se*, initiated this action by filing a 42 U.S.C. § 1983 complaint (Doc. # 1), which he later amended (Doc. # 7). On December 11, 2025, Plaintiff's claims against Quality Correctional Health Care, Warden Tracy Jackson, Nurse Terry, and Nurse Meghan were dismissed without prejudice. (Doc. # 14.) However, Plaintiff's Eighth Amendment deliberate-indifference claim against "Nurse Zack," who since has been identified as Zack Turnbull ("Defendant"), survived screening, and service of the amended complaint on Defendant was directed. (Doc. # 14; *see also* Doc. # 15 (summons issued and certified mail receipt).) After seven months of service issues, Defendant was served by U.S. Marshal Service in July 2026. (*See* Doc. # 47.)

In response to the complaint, Defendant filed a motion to dismiss (Doc. # 49) and a brief in support (Doc. # 49-1). By Order dated July 27, 2026, Plaintiff was

instructed to file a response to the motion to dismiss. (Doc. # 51 ("July 27 Order").) The July 27 Order set a deadline of August 17, 2026, for Plaintiff to file a response and expressly cautioned Plaintiff that his failure to comply would result in dismissal. (*Id.*) On August 14, 2026, Plaintiff's motion for an extension of the deadline to file a response to the motion to dismiss was received by the court and docketed. (Doc. # 58.) Plaintiff's motion was granted, and the deadline for him to file a response was extended to September 7, 2026. (Doc. # 59 ("August 14 Order").) The extended deadline has passed, and Plaintiff has not responded to the motion to dismiss as directed. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to respond to Defendant's motion to dismiss and thus has failed to comply with the July 27 and August 14 Orders, despite their express directives and warnings, this action will be dismissed without prejudice. No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 15th day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE