IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY MACK, AIS # 150585, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-69-WKW |
| | ) | [WO] |
| ZACK TURNBULL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On September 15, 2026, this action was dismissed without prejudice for Plaintiff Larry Mack's failure to comply with the court's Order directing him to respond to Defendant Zack Turnbull's motion to dismiss. (Doc. # 62.) Final judgment was entered the same date. (Doc. # 63.) Two days later, on September 17, 2026, the court received Plaintiff's "Motion[] Not to be Dismiss[ed]." (Doc. # 64.) By Order dated October 13, 2026, the court considered Plaintiff's motion and found that it was untimely, provided no explanation for the delay, and was entirely unresponsive to Defendant's motion to dismiss and the grounds upon which the action was dismissed. (Doc. # 65 at 2–3.)

Now before the court is Plaintiff's self-styled "Petition for Reconsideration," in which Plaintiff contends that he knew he was supposed "to have [his] claim in" by September 7, but he submitted it on September 9 because his movements are controlled in prison and the mailing system at Bibb Correctional Facility is a "major

issue." (Doc. # 67.) Plaintiff's "Petition for Reconsideration" is construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or, in the alternative, to vacate the judgment under Federal Rule of Civil Procedure 60(b). For the reasons to follow, the construed motion will be denied.

Rule 59(e)'s only grounds for altering or amending a judgment are "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2009) (citation and internal quotation marks omitted). Additionally, under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

Plaintiff's construed motion has been carefully considered, but it fails to establish any basis for relief under either Rule 59(e) or Rule 60(b). Accordingly, it is ORDERED that Plaintiff's construed motion (Doc. # 67) is DENIED.

DONE this 21st day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE